## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEJANDRO DEJESUS, | No. 4:21-CV-00303 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN, SCI-MAHANOY, | |
| Respondent. | |

## MEMORANDUM OPINION

### FEBRUARY 24, 2021

## I.    PROCEDURAL BACKGROUND

On February 19, 2021, Petitioner, Alejandro DeJesus, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, initiated the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1]  DeJesus challenges his underlying conviction imposed by the Court of Common Pleas of Lancaster County.[2]  No filing fee or request to proceed *in forma pauperis* has been filed.

According to the petition, DeJesus pled guilty to third-degree murder, robbery, conspiracy and burglary.[3]  Petitioner challenges his guilty plea, claiming that "there was an error in the record that should have been clarified on rather (sic)

---

[1]  Doc. 1.
[2]  *Id*.
[3]  *Id*.

Defendant suffered from mental health."[4]  He claims that "with respect to the courts of Lancaster County Pennsylvania, every appointed counsel to represent Defendant's best interest can only be described as little to no effert (sic)and an abuse of their deseration (sic)to their client's mental health condition."[5] For relief, Petitioner requests "this Honorable Court highly consider Defendant's ongoing violations and misrepresentation and that the Court grant motion enclosed for appointment of counsel to properly litigate Petitioner's claims in a proper fashion suitable for the Courts."[6]  For the reasons that follow, the court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania.

## II.    DISCUSSION

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted.[7]  28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an

---

[4]  *Id.*
[5]  *Id.*
[6]  *Id.*
[7]  *Fletcher v. Rozum*, 2008 WL 2609826 * 2 (E.D. Pa. 2008).

application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a guilty plea and sentence which were entered in the Court of Common Pleas of Lancaster County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.[8]

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application."  Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A district court may transfer a habeas petition pursuant to § 1404(a).[9]

---

[8]  *See* 28 U.S.C. § 118(a).
[9]  *See In re Nwanze*, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); *Fletcher*, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge